

535 Boylston Street, Suite 902
Boston, Massachusetts 02116
Telephone: 617.849.7880
Facsimile: 617.849.7870

dkurtz@constangy.com
cdeubert@constangy.com

November 22, 2023

**By ECF**

Hon. Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

    Re:    *Lennon v. Andela Inc.*, 1:23-cv-07154-DEH

Dear Judge Ho:

We represent Defendant Andela Inc. ("Andela") in the above-referenced action and write in response to the November 21, 2023 letter on behalf of Plaintiffs Jackie Lennon and Adam Kuchyt seeking permission to serve discovery demands after the November 3, 2023 deadline set forth in the Court's September 26, 2023 Civil Case Management Plan and Scheduling Order (the "Scheduling Order").  ECF No. 15 at ¶ 9.

**Nature of the Litigation**

This action is an employment dispute arising out of Plaintiffs' prior employment by Andela.  Andela is a global job placement network for software developers.  It recruits talented software developers, programmers, and engineers to provide remote services to Andela's clients, which include small and large companies around the world.

Lennon and Kuchyt were formerly employed by Andela in the role of Enterprise Client Partner.  Their job was to generate new client relationships and to increase the usage of Andela talent at existing clients.

Lennon was employed from March 29, 2021 until her resignation on August 11, 2022 (effective September 1, 2022), and Kuchyt was employed from February 19, 2021 until his termination for cause on May 12, 2023.  They initiated this action on July 11, 2023, generally alleging that (1) Lennon had been subject to sexual harassment during her employment; (2) Lennon had been paid less than Kuchyt because she is female; (3)(a) Andela unlawfully retaliated against Lennon for requesting payment of commissions allegedly owed; (3)(b) Andela unlawfully retaliated against Kuchyt by terminating him for providing Lennon with information related to her commissions; and (4) Andela breached contractual obligations to pay them certain bonuses and commissions.

Andela denies these claims in their entirety.

10398237v1

Letter to Hon. Dale E. Ho  
November 22, 2023  
Page 2

Constangy, Brooks, Smith & Prophete LLP

**Case History and Status**

Plaintiffs commenced this action on July 11, 2023 in the Supreme Court of the State of New York. On August 14, 2023, Andela removed the case to this Court. Andela filed an Answer on September 5, 2023.

On September 6, 2023, the Court ordered this matter to mediation. ECF No. 12. Soon thereafter, the parties scheduled a mediation for November 17, 2023.

On September 26, 2023, the parties submitted a proposed Scheduling Order to the Court. ECF No. 14-1. The parties proposed that requests for production of documents and interrogatories be served by December 1, 2023, after the parties' scheduled mediation. The Court rejected the parties' proposal, instead requiring that discovery demands be served by November 3, 2023.

On November 3, 2023, Andela served requests for production of documents and interrogatories in accordance with the Scheduling Order. Plaintiffs did not serve any discovery requests or provide any reasoning for not doing so.

On November 17, 2023, the parties conducted an unsuccessful mediation.

**The Current Dispute**

On November 21, 2023, for the first time, Plaintiffs' counsel advised of her intention to serve discovery requests. Andela objected – and continues to object – based on Plaintiffs' disregard for the Scheduling Order. Nevertheless, in a good faith effort to resolve this dispute, Andela offered to reproduce the 686 pages of documents it produced for purposes of the mediation (minus a few documents created specifically for the mediation). These documents include Plaintiffs' entire personnel files, performance evaluations, W-2s and pay stubs, and various other documents related to Plaintiffs' employment and compensation. Plaintiffs rejected Andela's compromise offer.

The Court should reject Plaintiffs' request to now belatedly serve discovery requests.

As an initial matter, Plaintiffs' request violates the Court's Individual Rules.[1] Rule 2(e) requires that "any request for extension or adjournment shall be made as early as possible, and **at least two business days** before the deadline or scheduled appearance. Extension requests will ordinary be denied if made after the expiration of the original deadline." (Emphasis in original). By this Rule, Plaintiffs' request for an extension was due November 1 and is thus 20 days late. That delay demonstrates a clear lack of diligence. The Court should not countenance such disregard of the Court's Rules.

Plaintiffs' attempted justifications for missing the deadline fall flat. In her letter, counsel for Plaintiffs asserts that she "inadvertently missed the November 3 deadline" because she was sick

---

[1] Your Honor was assigned to this matter on October 11, 2023. Opposing counsel thus had more than enough time to review Your Honor's Individual Rules before the November 3 deadline.

10398237v1

Letter to Hon. Dale E. Ho  
November 22, 2023  
Page 3

Constangy, Brooks, Smith & Prophete LLP

and had a "very heavy case load." However, she never raised any such concerns until the day of her letter. Moreover, she had 38 days in between the Scheduling Order and the missed deadline. Counsel thus had more than enough time to calendar the deadline and either draft discovery demands or timely request an extension.

In addition, Plaintiffs' attempt to excuse their failure to comply with the deadline because their counsel did not have access to her phone on November 3, 2023 when Andela served its discovery demands. Andela's service of discovery demands is of course completely irrelevant to Plaintiffs' service of the same. Andela had no obligation to remind Plaintiffs that they needed to serve discovery demands.

Next, Plaintiffs' request frustrates the Scheduling Order's fact discovery deadline. The Court ordered that all fact discovery be completed no later than February 1, 2024. ECF No. 15 at ¶ 8(b). In order for the parties to meet that timeline, it was and is necessary for the parties to move attentively and in compliance with the Scheduling Order. To this point, Your Honor's Rules state that "[a] request to extend the deadline to complete all discovery is unlikely to be granted." Rule 2(e)(vi). Plaintiffs' dilatory conduct flouts the Scheduling Order and the intent behind Your Honor's Rules.

Lastly, Plaintiffs argue that they will be prejudiced in their case by the inability to serve discovery. If there is any prejudice, it is entirely their own fault. In addition, granting Plaintiffs' request would in fact prejudice Andela, which is entitled to a prompt resolution of this matter consistent with the Court's Scheduling Order.

For the foregoing reasons, Plaintiffs' request should be denied. Thank you for your time and attention to this matter.

                                              Respectfully submitted,

                                              /s/ David C. Kurtz  
                                              /s/ Christopher R. Deubert

10398237v1