

535 Boylston Street, Suite 902
Boston, Massachusetts 02116
Telephone: 617.849.7880
Facsimile: 617.849.7870

dkurtz@constangy.com
cdeubert@constangy.com

December 14, 2023

**By ECF**

**MEMO ENDORSED**

Hon. Dale E. Ho
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Lennon v. Andela Inc.*, 1:23-cv-07154-DEH

Dear Judge Ho:

We represent Defendant Andela Inc. ("Andela") in the above-referenced action. We write pursuant to L. Civ. R. 37.2 and Rule 4(j) of Your Honor's Individual Rules and Practices to seek the Court's assistance in a discovery dispute. Specifically, we request a conference with the Court and for the Court to enter the proposed Protective Order filed herewith.

**Nature of the Litigation**

This action is an employment dispute arising out of Plaintiffs' prior employment by Andela. Andela is a global job placement network for software developers. It recruits talented software developers, programmers, and engineers to provide remote services to Andela's clients, which include small and large companies around the world.

Plaintiffs Jackie Lennon ("Lennon") and Adam Kuchyt ("Kuchyt") were formerly employed by Andela in the role of Enterprise Client Partner. Their job was to generate new client relationships and to increase the usage of Andela talent at existing clients.

Lennon was employed from March 29, 2021 until her resignation on August 11, 2022 (effective September 1, 2022), and Kuchyt was employed from February 19, 2021 until his termination for cause on May 12, 2023. They initiated this action on July 11, 2023, generally alleging that (1) Lennon had been subject to sexual harassment during her employment; (2) Lennon had been paid less than Kuchyt because she is female; (3)(a) Andela unlawfully retaliated against Lennon for requesting payment of commissions allegedly owed; (3)(b) Andela unlawfully retaliated against Kuchyt by terminating him for providing Lennon with information related to her commissions; and (4) Andela breached contractual obligations to pay them certain bonuses and commissions.

Andela denies these claims in their entirety.

10484142v1

Letter to Hon. Dale E. Ho  Constangy, Brooks, Smith & Prophete LLP
December 14, 2023
Page 2

**Relevant Procedural History**

On November 21, 2023, Plaintiffs served requests for production of documents and interrogatories. Andela's responses are due December 21, 2023.

On December 7, 2023, we sent a proposed stipulated Protective Order to Plaintiffs' counsel. To create a proposed Protective Order, we used the Model Protective Order from Judge Liman and customized it for Your Honor and to include cross-references to Your Honor's Rules where appropriate. This is the same (or substantially the same) Model Protective Order used by all Southern District Judges who have one, specifically Judges Rearden, Rakoff, Rochon, and Subramanian. There were no substantive changes to the Model Protective Order.

Nevertheless, on December 12, 2023, counsel for opposing counsel rejected Andela's proposed Protective Order, claiming that it was "overbroad" and without "legal basis."

At 9:30 am on December 13, 2023, pursuant to Your Honor's Rules, the parties held a meet-and-confer on this issue. The day prior to the call, we provided opposing counsel with the below-listed categories of documents for which we believe confidential treatment is likely appropriate as well as the cases we cite below. Opposing counsel continued to resist the entry of a protective order and argued that the documents at issue in this case should not be treated confidentially. We thus informed opposing counsel that we believed the parties were at an impasse and would be requesting a conference with the Court.

**Andela is Entitled to a Protective Order**

For good cause shown, the court may issue an order "requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(G). "Protective orders are commonly warranted when the producing party is able to demonstrate that the dissemination of confidential information will place it at a competitive disadvantage." *Seigel v. Structure Tone Org.*, 2020 WL 6048787, at *4 (S.D.N.Y. Oct. 13, 2020) (citation omitted).

The documents which Andela would be producing in this matter can generally be placed into four categories:

(1) Andela policies, including its Employee Handbook and other policies concerning information technology, hiring, and compensation decision-making;
(2) Plaintiffs' personnel files, including offer letters, pay stubs, W-2s, compensation plans, performance goals, commission spreadsheets, and performance reviews;
(3) Client-related documents, including client lists, statements of work, invoices, and commission spreadsheets; and
(4) Internal communications about all of the above.

Such documents are regularly and appropriately subject to protective orders. *Seigel* is instructive. In that case, the defendant sought and obtained a protective order "establishing procedures

respecting the production and dissemination of defendants' proprietary, trade secret, or other sensitive non-public commercial information, such as documentation regarding customer lists, pricing, and revenue." *Id.* at *4. Of note, the defendant proposed a protective order that "substantially replicate[d] model protective orders" used in the Southern District of New York. *Id.*

Similarly, in *McDonnell v. First Unum Life Ins. Co.*, the court recognized the well-established determination that "an employer has an interest in maintaining the privacy of its employee's personnel records." 2012 WL 13933, at *2 (S.D.N.Y. Jan. 4, 2012) (collecting cases). In that case, the court also granted a protective order concerning a company brochure which provided information about the company's policies and practices. *Id.* at *3; *see also Aitken v. Aetna Life Ins. Co.*, 2017 WL 2558795 (S.D.N.Y. June 2, 2017) (policies and procedural manual subject to protective order because it contained competitive sensitive information); *Sigal v. Met. Life Ins. Co.*, 2017 WL 1969680 (S.D.N.Y. May 12, 2017) (same); *Liyan He v. Cigna Life Ins. Co. of N.Y.*, 2015 WL 4114523 (S.D.N.Y. July 8, 2015) (same).

The documents Andela seeks to keep confidential are competitively sensitive. Andela is a leading provider of remote software development services in a nascent and rapidly growing industry suited to the evolving business landscape. Andela and its competitors compete vigorously for both clients and talent, including both Andela employees and the software developers with whom it contracts. Public disclosure of this information would harm Andela by arming its competitors with knowledge of Andela's services, customers, pricing, hiring practices, and employee compensation.

Plaintiffs' claims go to the heart of these sensitive issues. Specifically, Plaintiffs' allegations concern their pay, their entitlement to commissions as a result of Andela's contracts with its clients, and Andela's overall business practices. As demonstrated by the above-cited cases and others, documents related to such matters merit a protective order. *See also ABC Rug & Carpet Cleaning Serv. Inc. v. ABC Rug Cleaners, Inc.*, 2009 WL 105503 (S.D.N.Y. Jan. 14, 2009) (granting protective order concerning customer list).

Lastly, these issues must also be considered in the context of the February 1, 2024 fact discovery deadline in this case. It would be unreasonable for Andela to produce documents before this issue is resolved, making it essential that a determination be reached quickly to keep the case on track.

Thank you for your time and attention to this matter.

Application **GRANTED.** The parties shall meet and confer and file a joint stipulated protective order for So Ordering. The presumption of public access applies only to judicial documents, which are those "relevant to the performance of the judicial function and useful in the judicial process." *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Many documents produced in discovery are not subject to a public right of access, as they are not judicial documents, making confidential treatment appropriate. While the privacy interests in certain types of information Defendant seeks to protect as confidential are unlikely to outweigh the public right of access if those documents are, e.g., filed in connection with a dispositive motion or introduced at trial, a confidentiality order is appropriate for purposes of discovery. This Order makes no holding with respect to the appropriateness of the filing under seal of any document subject to a protective order and, when the time comes, Plaintiff may oppose any sealing motion. So Ordered.

Dale E. Ho
United States District Judge

Dated: December 21, 2023
New York, New York